UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HUIZHENG FENG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)    1:26-cv-00089-SDN<br>)<br>DERRICK STAMPER, )<br>*Chief Patrol Agent,* )<br>*Houlton Sector, U.S. Border Patrol*, )<br>et al., )<br>)<br>Respondents. ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On February 20, 2026, Petitioner Huizheng Feng filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 3.

According to the verified petition, Mr. Feng is a Chinese national who entered the U.S. in November 2023. ECF No. 1 at 1. On his counsel's information and belief, on February 18, 2026, emergency services encountered Mr. Feng while responding to an individual in crisis at a residence where Mr. Feng was a guest. *Id*. at 4. Police checked Petitioner's identification and called U.S. Border Patrol, who arrested Petitioner without a warrant. *Id*. at 5. U.S. Customs and Border Protection currently holds Petitioner in custody at Fort Fairfield in Maine. ECF No. 8 at 1. Petitioner seeks, among other remedies, a writ of habeas corpus to compel his immediate release and a declaratory order that his detention is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a). ECF No. 1 at 11–12.

On February 20, 2026, this Court indefinitely enjoined Respondents from removing Mr. Feng from the District of Maine and ordered the Government to show cause as to why his detention is not unlawful. ECF No. 5. In its response, ECF No. 8, the Government asserts it detains Mr. Feng under 8 U.S.C. § 1225(b)(2). However, the Government cites no facts or legal arguments to distinguish this case from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

The Court concludes Petitioner is a member of the class established in *Guerrero Orellana v. Moniz*, No. 25-CV-12664, 2025 WL 3033769, at *14 (D. Mass. Oct. 30, 2025). Additionally, the Court notes the recent decision in *Maldonado Bautista v. Noem*, No. 25-CV-01873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), which declared *Matter of Yajure Hurtado* void under the Administrative Procedure Act. This voidance removes the primary hurdle to Petitioner's bond eligibility and requires the Immigration Court to provide Mr. Feng with a hearing. Consistent with Petitioner's entitlement to relief as a Bond Eligible Class member pursuant to *Guerrero Orellana* and, separately and independently, this Court's own merits rulings regarding Respondents' detention policies under section 1225(b)(2)(A), the Court finds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act. *See Chogllo Chafla*, 2025 WL 2688541.

Accordingly, the Court **GRANTS** the Petitioner's habeas petition and **ORDERS** the Government to release Petitioner from the Fort Fairfield facility on his own recognizance at noon on February 24, 2026. The Court further **ORDERS** that Petitioner receive an individual bond hearing pursuant to 8 U.S.C. § 1226(a)(2) no earlier than 30 days from this Order, unless Petitioner consents otherwise. The Government is

**ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner. The Government is further **ENJOINED** from re-detaining Petitioner while his bond hearing is pending. The Government is **ORDERED** to file a status report within 45 days of this Order detailing whether the Petitioner has been granted bond, the amount of that bond, and, if denied, the reasons for that denial.

**SO ORDERED.**

Dated this 23rd day of February, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
